**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NORMA J. MASON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-3102-CV-S-RED** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff Norma J. Mason ("Mason") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

**I. Background**

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

**II. Standard of Review**

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *See Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *See id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment.  *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).  The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

-2-

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2007); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five). If at any step in the evaluation process the claimant is determined to be not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4) (2007); *see Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

## III. Analysis

Mason raises three arguments in challenging the ALJ's finding of no disability. First, Mason argues the ALJ erred in failing to afford appropriate weight to the opinions and conclusions of her treating psychiatrist, Dr. Antonio Dimalanta. Mason next contends the ALJ's mental residual functional capacity assessment failed to comply with regulatory requirements and Eighth Circuit case law. Finally, Mason asserts the ALJ erred in failing to find her testimony credible. The Court will consider each argument in turn.

### A. Controlling Weight for Treating Psychiatrist's Opinion

Mason first argues the ALJ refused to afford controlling weight to the opinions of Dr. Antonio Dimalanta, her treating psychiatrist. Specifically, Mason argues the ALJ erred by discounting Dr. Dimalanta's opinion in the Medical Source Statement - Mental form prepared

Case 6:07-cv-03102-RED   Document 10   Filed 07/15/08   Page 3 of 7

September 19, 2006.

While opinions of treating physicians are generally entitled to controlling weight, such opinions are not conclusive and "must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (2007); *see Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). An ALJ is warranted in discrediting a treating physician's opinion if it is inconsistent with or contradicted by other evidence in the record. *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999).

Here, the ALJ properly discounted the findings of the Medical Source Statement - Mental form as inconsistent with Dr. Dimalanta's own medical treatment records. The evidence in the record that is consistent with the level of functional limitation noted in the Medical Source Statement form is that of Mason's inpatient admissions. Each of these episodes was triggered, however, at least in part by Mason's failure to take her recommended medication. Indeed, Dr. Dimalanta's progress notes demonstrate that over an extended period of time, Mason's symptoms are well-controlled with medication. The record seems to indicate that any marked limitations Mason may exhibit occur only at times when she is noncompliant. Since Dr. Dimalanta's opinions in the Medical Source Statement - Mental form are inconsistent with his treatment records and progress notes, the ALJ did not err in giving little weight to the Medical Source Statement - Mental form.

B. Mental Residual Functional Capacity Assessment

Mason next argues the ALJ failed to comply with Social Security regulations and Eighth Circuit case law in assessing her mental residual functional capacity. In support of her argument Mason cites 20 C.F.R. § 416.920a which states in relevant part: "We have identified four broad

-4-

functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 416.920a (c)(3) (2007). Mason also cites *Battles v. Shalala*, 36 F.3d 43 (8th Cir. 1994), in which the Eighth Circuit acknowledged that "the [Social Security] regulations provide a mandatory procedure to evaluate mental impairments, 20 C.F.R. § 416.920a, and for examination by a psychiatrist or psychologist when there is 'evidence which indicates the existence of a mental impairment.'" *Id.* at 45 (quoting 20 C.F.R. § 416.903(e)). After citing this authority, Mason contends that "[t]he ALJ's conclusory analysis . . . failed to approach even the threshold of the requirements" set forth in the regulations and in *Battles*, yet she bases this contention solely on the fact that the ALJ failed to afford controlling weight to Dr. Dimalanta's Medical Source Statement - Mental form. (Doc. 8 at 32). Mason does not explain how the ALJ's failure to afford controlling weight to Dr. Dimalanta's opinions runs afoul with the Social Security regulations and case law regarding mental residual functional capacity assessments. As stated above, the Court finds that the ALJ did not err in discounting Dr. Dimalanta's opinions in the Medical Source Statement form. And upon review of the ALJ's mental residual functional capacity assessment, it appears the ALJ followed the regulatory requirements to the letter (*See* Tr. 19). Accordingly, the Court finds the mental residual functional capacity assessment of the ALJ is proper and supported by substantial evidence on the record.

## C. Credibility Findings

Finally, Mason argues the ALJ failed to find her testimony credible. She contends her work history, her receipt of unemployment benefits during part of the period of her alleged disability, her recent attempt to find employment, and her daily activities fail to support an adverse credibility

Case 6:07-cv-03102-RED   Document 10   Filed 07/15/08   Page 5 of 7

determination (Doc. 8 at 34-35).

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). The ALJ is not required to discuss each *Polaski* factor in his decision as long as the *Polaski* framework is acknowledged and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Subjective complaints may be discredited only if there are inconsistencies in the record as a whole. *Id.*

Upon review of the record, the Court finds the ALJ did not err in her evaluation of Mason's credibility. While the ALJ did note Mason's "generally consistent" work record, she also pointed out several inconsistencies in the record which provided support for her conclusion that Mason's subjective complaints were not credible. For instance, the ALJ cited the fact that Mason had received unemployment benefits and thus held herself out as ready and able to work for much of

-6-

2004, part of the period during which Mason claimed total disability (Tr. 19). Because an application for unemployment benefits necessarily indicates the ability to work, it is evidence that negates an applicant's claim that she is disabled. *See Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991). The ALJ also correctly pointed out that Mason had required several hospitalizations but each involved noncompliance with medication. As the ALJ noted, impairments which can be controlled by treatment or medication are not considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's evaluation of Mason's credibility.

### IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ in partial denying disability benefits is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE:          July  15 , 2008          _/s/ Richard E. Dorr_____
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT

Case 6:07-cv-03102-RED   Document 10   Filed 07/15/08   Page 7 of 7